## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RANDALL RAAR,

                Petitioner,                Case Number: 2:12-CV-10161
                                                        HON. MARIANNE O. BATTANI

v.

STEVE RIVARD,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Randall Raar filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  Petitioner is a state prisoner in the custody of the Michigan Department of

Corrections pursuant to convictions for three counts of using the internet or a computer to

commit a crime, sixteen counts of possession of child sexually abusive material, felon in

possession of a firearm, and possession of a firearm during the commission of a felony.

He argues that his convictions were obtained in violation of his constitutional rights

because insufficient evidence supported his convictions, the trial court erred in denying

his request to discharge defense counsel, an expert witness was not properly qualified, the

trial court did not articulate substantial and compelling reasons for an upward departure

from sentencing guidelines, the trial court failed to provide a full and fair hearing

regarding his Fourth Amendment claims, and he was subjected to vindictive prosecution.

Respondent argues that the claims are meritless and/or procedurally defaulted.

The Court denies the petition.

## I.     Background and Procedural History

Petitioner became the subject of a police investigation when he wrote a letter to a convicted sex offender incarcerated in a Michigan correctional facility.  In the letter, Petitioner stated that he wished the offender could view all of the pictures he had downloaded on his computer and the letter contained pictures of young children.  A search warrant was executed at Petitioner's home in Lincoln Park, Michigan on May 4 and 11, 2006.

Michigan state police trooper Mike Lee testified that he assisted in the execution of the search warrant at Petitioner's home.  During the search Lee located a manila envelope on a computer stand in a small basement room.  Inside the envelope, he found a piece of paper containing images believed to be child pornography.  He also found a magazine entitled "Moppets and Teens" with a cover depicting images of young naked children.

Michigan state police trooper John Gora testified that he also assisted in the search of Petitioner's home.  He discovered and seized two firearms from the home.  Three computers were seized from the home's basement along with compact and floppy discs.

Detective Sergeant Rebecca MacArthur testified that she performed the forensic examinations of the computers seized.  She testified as a computer forensic expert.  She testified that one of the computers had accessed the website prettynu.com, which, she

2

testified was a child pornography website.  Detective Sergeant MacArthur further testified that a picture of a child's face on the printout seized from the manila folder matched an image found on the hard drive of the computer that had accessed the "prettynu" website.

Petitioner did not present any witnesses in his defense.

Petitioner was convicted by a jury in Wayne County Circuit Court of three counts of using the internet or computer system to engage in a prohibited communication, 16 counts of possession of child sexually abusive material, felon in possession of a firearm, and possession of a firearm during the commission of a felony.  He was sentenced to 13 months to 15 years' imprisonment for each of the computer crime convictions, 13 months to 6 years' imprisonment for each of the possession of child sexually abusive material convictions, 13 to 90 months' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims:

I.      The evidence was insufficient to convict Mr. Raar of being a felon in possession of a firearm and using a firearm during the commission of a felony.

II.     The trial court violated Mr. Raar's due process rights when it refused defendant's request to discharge defense counsel after the attorney-client relationship had broken down.

III.    The improper qualification of an expert witness violated court rules and deprived Mr. Raar of his constitutional right to due process and a fair trial.

IV.     The trial court did not articulate substantial and compelling reasons to

3

depart upwards from the recommended sentencing range of zero to thirteen months.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. People v. Raar, No. 277419, 2008 WL 4228349 (Mich. Ct. App. Sept. 16, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Raar, 483 Mich. 1022 (Mich. May 28, 2009).

Petitioner then filed a motion for evidentiary hearing and a motion for relief from judgment in the trial court, raising these claims:

I.   Defendant-appellant's rights under the Fourth Amendment of the United States Constitution were violated because evidence was obtained through an unlawful search warrant.

II.  Selective prosecution violated defendant's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

The trial court denied the request for an evidentiary hearing and denied the motion for relief from judgment. People v. Raar, No. 06-007903-01 (Wayne County Cir. Ct. June 25, 2010). Petitioner's applications for leave to appeal this denial were denied by the Michigan Court of Appeals and Michigan Supreme Court. People v. Raar, No. 299888 (Mich. Ct. App. Jun 8, 2011); People v. Raar, 490 Mich. 970 (2011).

Petitioner then filed the pending habeas petition. He raises these claims:

I.   The evidence was insufficient to convict Mr. Raar of being a felon in possession of a firearm and using a firearm during the commission of a felony.

4

II.     The trial court violated Mr. Raar's due process rights when it refused defendant's request to discharge defense counsel after the attorney-client relationship had broken down.

III.    The improper qualification of an expert witness violated court rules and deprived Mr. Raar of his constitutional right to due process and a fair trial.

IV.     The trial court did not articulate substantial and compelling reasons to depart upwards from the recommended sentencing range of zero to thirteen months.

V.      Petitioner was denied full and fair hearing of the violation of his Fourth Amendment rights where the sole finding of probable cause. . ., was based upon statements in an affidavit that were either deliberately false, or made in reckless disregard of the truth.

VI.     Petitioner was subjected to a vindictive prosecution in retaliation for his letters, complaints, and criticisms of the Michigan Department of Corrections and the government of the State of Michigan.

## II.     Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

5

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal

6

court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007), citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003); Dickens v. Jones, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

7

III.    **Discussion**

   A.      **Sufficiency of the Evidence**

In his first habeas claim, Petitioner argues that the prosecution presented insufficient evidence to sustain his convictions for being a felon in possession of a firearm and using a firearm during the commission of a felony.  Petitioner admits that two firearms were physically present at his home at the time he committed the computer crimes, but contends that he did not possess or use them because they were not easily accessible.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).  In the habeas context, "[t]he Jackson standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'"  Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency."  McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v.

Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Brown, 567 F.3d at 205, (citing Jackson, 443 U.S. at 319).  Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable."  Id.

Under Michigan law, the elements of felon in possession of a firearm are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines.  *See* Mich. Comp. Laws § 750.224f.  The elements of felony firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony.  *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003).  Circumstantial evidence and reasonable inferences from such evidence can constitute satisfactory proof of the elements of the crime.  See People v. Carines, 460 Mich. 750, 757, 597 N.W.2d 130 (1999).

The Michigan Court of Appeals although not specifically citing Jackson, clearly applied the Jackson standard and held that sufficient evidence was presented to sustain

9

Petitioner's convictions, stating, in relevant part:

> [D]efendant contends that he did not possess the firearms because they were stored in an inaccessible manner. Although defendant further contends that the weapons were inaccessible because the firearms were unloaded and stored in cases, "[o]perability is not and has never been an element of felony-firearm." People v. Thompson, 189 Mich.App. 85, 86, 472 N.W.2d 11 (1991); see also, People v. Peals, 476 Mich. 636, 638, 650, 653-655, 720 N.W.2d 196 (2006) (holding that operability is not an element of felon in possession of a firearm).
>
> Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could infer beyond a reasonable doubt from the circumstances that the weapons were reasonably accessible to defendant. The computer and magazine that formed the evidentiary basis for defendant's other convictions, as well as the firearms, were seized from defendant's residence. According to defendant, the firearms were not reasonably accessible to him based upon Michigan State Police Trooper John Gora's testimony that it took him a full minute to locate the weapons behind a board of plywood in a storage area. However, Michigan State Police Trooper David Boike testified that Gora began pulling the cased firearms and empty pistol cases from the storage area in about 15 seconds. Resolving the evidentiary conflict in the prosecution's favor, Gora retrieved the firearms within 15 seconds of beginning his search of the storage area. Fletcher, supra at 562, 679 N.W.2d 127. We conclude that a firearm that can be accessed within 15 seconds is "reasonably accessible." Moreover, when defendant's uncontested knowledge of the location of the firearms is taken into account, the firearms were at least as accessible to defendant as they were conducive to discovery by the police. Under the circumstances, a rational trier of fact could conclude, beyond a reasonable doubt, that the firearms were stored in a location that was reasonably accessible to defendant, and as such, defendant constructively possessed the firearm that formed the basis for his convictions. Burgenmeyer, supra at 438, 606 N.W.2d 645.

Raar, 2008 WL 4228349 at *2.

Possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence. See People v. Hill, 433 Mich. 464, 469 (1989). A

10

defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. Id. at 470-71. There was sufficient evidence for a rational trier of fact to conclude that Petitioner possessed the firearms recovered from the home. As the Michigan Court of Appeals noted, testimony at trial established that Petitioner was aware of the guns' location and that, at most, it took law enforcement one minute to access the weapons. From this evidence, the trier of fact could reasonably infer that Petitioner, who was aware of the firearms' location, could access the weapons in less time and, therefore, that they were reasonably accessible to him. Habeas relief is denied on this claim.

### B.    Trial Court's Denial of Request to Discharge Counsel

Petitioner argues in his second habeas claim that the trial court violated his right to due process when it denied his request, made on the day trial commenced, to replace his court-appointed attorney.

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel in his defense, and  and gives an indigent criminal defendant the right to the assistance of court-appointed counsel. See Gideon v. Wainwright, 372 U.S. 335, 343 (1963). "[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'" Wheat v. U.S., 486 U.S. 153, 159 (1988), quoting Strickland v. Washington, 466 U.S. 668, 689 (1984). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not

11

on the accused's relationship with his lawyer as such.'" Id., quoting U.S. v. Cronic, 466
U.S. 648, 657 n.21 (1984).  Further, "the essential aim of the Amendment is to guarantee
an effective advocate for each criminal defendant rather than to ensure that a defendant
will inexorably be represented by the lawyer whom he prefers."  Id.

The Sixth Amendment guarantees effective assistance of counsel, not a
"meaningful relationship" between an accused and his counsel.  See Morris v. Slappy,
461 U.S. 1, 14 (1983).  Thus, "when a defendant is denied the counsel he prefers, the
constitutional concern is whether he received an effective advocate."  Ray v. Curtis, 21 F.
App'x 333, 335 (6th Cir. 2001).  This is so because "those who do not have the means to
hire their own lawyers have no cognizable complaint so long as they are adequately
represented by attorneys appointed by the courts."  Caplin & Drysdale v. United States,
491 U.S. 617, 624 (1989).

In this case, the Michigan Court of Appeals held that Petitioner failed to show
good cause for appointing substitute counsel or that substitution of counsel would not
unreasonably disrupt the judicial process.  At a motion hearing on the day before trial
commenced, Petitioner informed a judge (not the trial judge) that he had not had an
opportunity to review all discovery materials and that he wanted to call character
witnesses.  Defense counsel informed the court that she was prepared to proceed.  The
judge noted that Petitioner previously had discharged his retained attorney in this case on
the eve of trial and in another unrelated case.  The judge found no cause for doing so in

12

this case.  On the first day of trial, defense counsel advised the trial judge that Petitioner did not feel prepared for trial because he had not reviewed all of the discovery material, but that she (defense counsel) was prepared to proceed.  Defense counsel further informed the court that she had reviewed all relevant discovery material with Petitioner. The trial judge found no basis for substitution of counsel and proceeded with the trial.

The Michigan Court of Appeals held that the trial court conducted an adequate investigation into the nature of the conflict and reasonably determined that substitute counsel was unnecessary.  A criminal defendant may not "stop the criminal justice system in its tracks" by rejecting appointed counsel for no justifiable reason.  Swiger v. Brown, 86 F. App'x 877, 882 (6th Cir. 2004).  A criminal defendant has "'no right to indefinite delays while he tries on new lawyers unless he has a reason for dissatisfaction with the old.'"  King v. Bobby, 433 F.3d 483, 493 (6th Cir. 2006) (quoting U.S. v. Oreye, 263 F.3d 669, 671 (7th Cir. 2001)).  The record shows that the trial court successfully and carefully balanced Petitioner's right to counsel, but not to the counsel of his choice.  The Michigan Court of Appeals' finding that Petitioner raised no justifiable reason for replacement of counsel is reasonable.  Relief is denied on this claim.

### C.    Expert Witness Qualification

In his third habeas claim, Petitioner challenges the trial court's decision to allow Detective Rebecca MacArthur to testify as an expert witness in computer forensics.  He argues that her testimony was unsupported by the evidence and that she improperly

testified about items that were found in his home but not on his computer or computer disks.

Respondent argues that this claim is procedurally defaulted because it was not properly exhausted and no avenue for exhaustion is available to Petitioner in state court. The Court finds it unnecessary to address the question of procedural default.  It is not a jurisdictional bar to review of the merits of an issue, Howard v. Bouchard, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this issue, and it is more efficient to proceed directly to the merits.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  The Court "must defer to a state court's interpretation of its own rules of evidence and procedure" when assessing a habeas petition.  Miskel v. Karnes, 397 F.3d 446, 453 (6th Cir. 2005). Habeas courts do not review questions of state evidentiary law unless they give rise to a fundamentally unfair trial.  Estelle, 502 U.S. at 69-70; Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.2003).  "The admission of expert testimony in a state trial presents a question of state law which does not warrant federal habeas relief unless the evidence violates due process or some other federal constitutional right."  Randolph v.

14

Wolfenbarger, 2006 WL 1662885, *5-6 (E.D. Mich. 2006), citing Keller v. Larkins, 251 F.3d 408, 419 (3rd Cir. 2001).  In addition, the decision to qualify an individual as an expert witness involves only a state law evidentiary issue. Randolph v. Wolfenbarger, 2006 WL 1662885 at *5-*6, citing United States ex. rel. Ruddock v. Briley, 216 F.Supp.2d 737, 743 (N.D. Ill. 2002); Vaquez-Torrez v. Dorsey, 66 F.3d 339, 1995 WL 539575, *1 (10th Cir.1995).  Therefore, the decision to qualify Detective MacArthur as an expert witness is a question of state law.

Moreover, the Michigan Court of Appeals reviewed Detective MacArthur's qualifications in the area of computer forensics and found her to be well-schooled and adequately qualified to offer expert testimony.  The state court's review of Detective MacArthur's qualifications was comprehensive and accurate.  Petitioner has failed to show that Detective MacArthur's qualification as an expert witness or her testimony denied him his right to a fair trial.  Habeas relief is denied on this claim.

**D.    Upward Departure From Sentencing Guidelines**

Petitioner argues that the trial court departed from the sentencing guidelines without substantial and compelling reasons for doing so.  "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  Wilson v. Corcoran, __ U.S. __, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)).  The requirement that a sentencing court articulate a "substantial and

15

compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law. *See* Michigan Compiled Laws § 769.34(3). Whether a state court judge articulates substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); see also McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "[A] mere error of state law is not a denial of due process." Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859, 863 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

### E.    Fourth Amendment Claims

Petitioner next claims that habeas relief should be granted because, he alleges, the affidavit which led to the search warrant contained deliberate falsehoods.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.

16

Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." Robinson v. Jackson, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. See People v. Ferguson, 376 Mich. 90 (Mich. 1965) (describing the availability of a pre-trial motion to suppress). Because Michigan provides a procedural mechanism for raising a Fourth Amendment claim, Petitioner may only demonstrate entitlement to relief if he establishes that presentation of his claim was frustrated by a failure of that mechanism. This he has not done.

Petitioner raised this issue in the trial court. The trial court held that an evidentiary hearing was not necessary. Petitioner did not raise the issue on direct appeal. He raised the claim in a motion for relief from judgment in the trial court. The trial court rejected the claim, holding that the search warrant was properly issued. Both Michigan appellate courts denied leave to appeal. Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts. His disagreement with the state courts' conclusions on his Fourth Amendment claim does not render the state's procedural mechanism inadequate. This claim is barred by the rule in Stone v. Powell.

## F.    Alleged Vindictive Prosecution

Finally, Petitioner argues that the investigation and subsequent prosecution of him

17

for these crimes were undertaken in retaliation for letters he wrote to a state representative that were critical of the Michigan Department of Corrections and the Michigan Parole Board.

To punish a person because the person has exercised a protected statutory or constitutional right is "patently unconstitutional." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (internal quotation omitted). "'The broad discretion accorded prosecutors in deciding whom to prosecute is not 'unfettered,' and a decision to prosecute may not be deliberately based upon the exercise of protected statutory rights.'" Bragan v. Poindexter, 249 F.3d 476, 481 (6th Cir. 2001), quoting United States v. Adams, 870 F.2d 1140, 1145 (6th Cir. 1989). To show vindictive prosecution there must be "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right." United States v. Suarez, 263 F.3d 468, 479 (6th Cir.2001). "There are two approaches to showing prosecutorial vindictiveness: a defendant can show (1) 'actual vindictiveness,' by producing 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights,' or (2) 'a realistic likelihood of vindictiveness,' by utilizing the framework outlined above (focusing on the prosecutor's 'stake' in deterring the exercise of a protected right and the unreasonableness of his actions). United States v. Dupree, 323 F.3d 480, 489 (6th Cir. 2003), quoting Bragan v. Poindexter, 249 F.3d 476, 481-82 (6th Cir. 2001).

18

Petitioner raised this claim for the first time on collateral review in state court. The trial court held that Petitioner failed to show that the investigation and prosecution were prompted by anything other than his letter to an incarcerated sex offender enclosing pictures of young children.  Petitioner offers no evidence that would call into question the reasonableness of the trial court's decision and the Court discerns nothing in the record that would do so.  The Court concludes, therefore, that this claim raises no issue on which habeas relief may be granted.

## IV.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

19

**V.      Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: May 29, 2014

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager

20